IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WARREN MORRIS, #B77336, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 18–cv–462–DRH |
| vs. | ) ) |
| C/O HECK, C/O MYERS, WARDEN JAIMET, and C/O PIERCE, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Warren Morris, an inmate in Illinois River Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Pinckneyville Correctional Center ("Pinckneyville"). In his Complaint, plaintiff claims the defendants violated his right to due process under the Fourteenth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify

1

> cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to dismiss this action without prejudice.

### The Complaint

In his Complaint (doc. 1), plaintiff makes the following allegations: on May 13, 2017, plaintiff received a disciplinary report for fighting with inmate Juan Montgomery and was placed in segregation. (Doc. 1, p. 5). On May 15, 2017, defendant Pierce came to plaintiff's cell and asked him if he wanted to sign for his ticket. *Id.* Plaintiff did so and requested witnesses to be interviewed. *Id.* After

plaintiff signed, Pierce read the ticket and left.  *Id.*  Plaintiff asked Pierce for a copy of the ticket, but Pierce ignored him.  *Id.*

On May 17, 2017, plaintiff was called before the adjustment committee for a disciplinary proceeding conducted by defendants Heck and Myers.  *Id.*  Plaintiff asked Heck if he spoke with Smith or plaintiff's other witnesses.  *Id.*  Heck responded that he would speak to them later and asked plaintiff how he wanted to plea.  *Id.*  Plaintiff responded "not guilty."  *Id.*  Heck then told plaintiff that this was his second fighting ticket and that he would receive one month of segregation, one month of C-grade, and one month of commissary restriction, and have 10 days of good conduct credit or statutory good time revoked.  *Id.*

Plaintiff seeks monetary damages from the defendants.  (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action.  The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants denied Plaintiff due process in conjunction with his disciplinary hearing held on May 17, 2017, in violation of the Fourteenth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

3

The Court need not consider whether plaintiff was denied due process by the defendants, as his claim is barred under the principles outlined in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Preiser*, the Supreme Court explained that restoration of good-conduct credits is available only in habeas corpus, not under § 1983, because such a claim would result in "shortening the length of … actual confinement in prison." *Id.* at 487. This court cannot "award" plaintiff any sentence credit.

Plaintiff's request for money damages as opposed to injunctive relief does not change the result. A request for damages instead of an injunction does not remove a case from the exclusive domain of habeas corpus. *See Heck*, 512 U.S. at 486–87, 489 (1994); *Whitfield v. Howard*, 852 F.3d 656, 661–62 (7th Cir. 2017). "A prisoner seeking money damages for the very fact or duration of his confinement has no claim under § 1983 'unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.'" *Ward v. Akpore*, 702 F. App'x 467, 468 (7th Cir. 2017) (citing *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997)).

Plaintiff's disciplinary hearing resulted in the revocation of good conduct credit. Thus, based on *Heck*, before he can bring a claim for money damages for any denial of his constitutional rights at the hearing, plaintiff must first obtain a favorable termination of this revocation. Count 1, along with this action, will therefore be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d

464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.03.16
17:09:37 -05'00'

**United States District Judge**

6